# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD WILSON,
:
    Petitioner,                        Case No. 3:09-cv-094

:                  District Judge Walter Herbert Rice
   -vs-                                Magistrate Judge Michael R. Merz

MATHIAS H. HECK, JR.,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, filed *pro se* by Petitioner Richard Wilson, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases.

Petitioner was indicted by the Montgomery County Grand Jury on June 4, 2008, on two counts of non-support of his daughter. (Indictment in case 2008 CR 1931, available on the website of Montgomery County Clerk of Courts Gregory Brush). According to the Common Pleas Court's docket in the case, Petitioner was arrested on July 16, 2008. A not guilty plea was entered for him when he stood mute at arraignment on July 17, 2008. He was released on a conditional own recognizance bond the next day and was granted diversion from the criminal justice system on August 21, 2008. However, on January 9, 2009, Judge Huffman ordered the issuance of an absconder warrant which remains outstanding, again according to the docket.

It appears from these facts that Petitioner is sufficiently "in custody" to invoke the habeas corpus jurisdiction of the federal courts. A person on bond is sufficiently in custody to invoke federal habeas corpus jurisdiction. *Hensley v. Municipal Court,* 411 U.S. 345 (1973). This Court

is the appropriate venue in which to bring such an action because the "custody" is here rather than in the United Kingdom, where Petitioner presently resides and where no district court has jurisdiction.

While the Court has jurisdiction in habeas corpus over Petitioner's claims, it should decline to exercise that jurisdiction in these circumstances. Rather, it should abstain under *Younger v. Harris,* 401 U.S. 37 (1971). As the Sixth Circuit has explained, *Younger* should be applied in a habeas corpus case where the petitioner seeks to stay the course of a state criminal proceeding:

> Under the *Younger* doctrine of abstention, absent extraordinary circumstances, a federal court must decline to interfere with pending state civil or criminal judicial proceedings involving important state interests. *Younger*, 401 U.S. at 44. See *New Orleans Public Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 367-68, 105 L. Ed. 2d 298, 109 S. Ct. 2506 (1989); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 73 L. Ed. 2d 116, 102 S. Ct. 2515 (1982); *Berger v. Cuyahoga County Bar Ass'n,* 983 F.2d 718, 722-24 (6th Cir.), cert. denied, 124 L. Ed. 2d 639, 113 S. Ct. 2416 (1993); *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 638-42 (6th Cir. 1990).
>
> Three requirements must be met for Younger abstention to be appropriate: (1) there must be an on-going state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm.,* 457 U.S. at 432; *Sun Refining,* 921 F.2d at 639. The proper time for determining the applicability of Younger abstention is when the party files its petition or complaint in the district court. Sun Refining, 921 F.2d at 639.

*Beeman v. Stafford,* 1995 U.S. App. LEXIS 22541 *7-8 (6th Cir. 1995). All of those considerations apply here. There is an ongoing state court proceeding, to wit, a criminal case commenced by finding of probable cause by the grand jury. That proceeding implicates important state interests, to wit, a parent's obligation to provide support for his or her minor children. The Common Pleas

Court as a court of general jurisdiction is fully able to adjudicate any of Petitioner's constitutional claims.

The Supreme Court recognized in *Younger* that there could be extraordinary circumstances permitting federal court interference with state court proceedings "(1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *Id.*, at 53; (3) or where there is a showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief," *Id.*, at 54. None of these circumstances apply here. Nothing in the federal Constitution proscribes a State's enforcing support obligations by criminal law. The Petitioner faces no more immediate or irreparable harm than any state criminal defendant would face, and Petitioner has presented no evidence of bad faith on the County Prosecutor's part – indeed, he does not even deny that the support has not been paid.

In addition to relief from the pending criminal case, Petitioner seeks money damages from the County Prosecutor, including the costs of returning to the United States for any hearings in either the criminal case or his domestic relations case and a further order, presumably to the Attorney General, allowing him to enter the country to attend court hearings relating to his daughter. A habeas corpus court cannot award damages and this Court has no jurisdiction to control the discretion of the immigration authorities about entry into the country.

It is therefore respectfully recommended that the Petition herein be dismissed without prejudice under *Younger v. Harris*. *Younger* abstention contemplates dismissal with presentation of both federal and state claims to the state forum. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973); *Watts v. Burkhart*, 854 F.2d 839 (6th Cir. 1988).

March 10, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Wilson v. Heck Habeas R. 4 R&R.wpd